### MURPHY v. MURPHY.

(Supreme Court, Appellate Division, Second Department. November 21, 1899.)

LEGACY—VESTED REMAINDER—SATISFACTION.

    M., a son, whose name was identical with the testator's, took under the will a remainder in a part of a life bequest to his brother F. F. survived him, and took under his will the residue of his personal estate, which included this remainder. The testator's widow, who was the executrix of both wills, took receipts from F. releasing all claims against the estate of M., but they did not purport to show on their face whether the estate of F.'s father or brother was meant. The sums receipted for, however, corresponded with the amount of the remainder, and the widow's co-executor in both estates testified that they were advanced to F. by the widow on account of the residuary legacy. After her death her co-executor continued to hold the trust fund. *Held*, that F.'s claim to the interest therein representing the remainder was satisfied by the advances made by his mother, and that only those claiming under the widow could assert any claim thereto.

Appeal from special term, Kings county.

Action by Mary Rebecca Murphy, individually and as executrix of the last will and testament of Frederick Murphy, deceased, against William E. Murphy, as executor of the last will and testament of Thomas J. Murphy, deceased, to recover a remainder in part of a life bequest to plaintiff's testator. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, and WOODWARD, JJ.

Robert H. Roy, for appellant.
William N. Dykman, for respondent.

HATCH, J. Some confusion is found in this case by reason of the similarity of names, the wills which have been made, and the deaths which have occurred. The elder Murphy died, leaving a will

which, so far as is material for present purposes, devised to Frederick G. Murphy, his son, a life interest in $20,000, with the remainder to his issue. If Frederick died, leaving no issue, the remainder was to descend to Thomas J., Eliza, and Augusta Murphy, children of the testator, in equal shares. The widow of the testator and the defendant were made executors of the will, qualified as such, and the trust estate of $20,000 came into the hands of the defendant. This will was subsequently construed by the supreme court, where it was held that Thomas J. Murphy took a vested remainder in one-third of the sum of $20,000, constituting the life estate of Frederick G. Thomas J. died on the 28th day of July, 1871, without issue and unmarried. He left a will, and therein made Frederick G. his residuary legatee. The executors of his will were the same as his father's, i. e. his mother and the defendant. In July, 1873, there was a final accounting and settlement of the estate of Thomas J. by the executors; and in the final decree entered therein the residuary estate was found to amount to the sum of $1,-065.82, which sum the executors were ordered to pay to Frederick G. No mention was made upon the accounting or in the decree of any interest of Frederick G. in the vested remainder of his trust estate. On June 22, 1891, the mother, Eliza, died, leaving the defendant the sole surviving executor and trustee of the estate of the father, which still remained unsettled. On April 10, 1897, Frederick G. died, leaving a widow, the present plaintiff, but no issue. By his will he devised all his estate, real and personal, to his widow, and appointed her sole executor. She now claims to be entitled to the interest of Thomas J. in the life estate of her husband, by reason of his being the residuary legatee of Thomas J., in whom was a vested remainder of one-third. This action seeks to recover it. Upon the facts above recited, the claim would be sufficiently made out to authorize a recovery. But the defendant, as we view the case, makes a sufficient answer to the claim. The settlement of the estate of Thomas J. made no reference to this sum, although it was made during the lifetime of Frederick G.; and while it may not be regarded as affording a bar to the present claim, or as creating a presumption that the executors accounted to Frederick G. for the sum, yet it is a circumstance to be considered in connection with the other facts, as there was then the contingent interest of Thomas J. in the life estate, which, if unsettled with Frederick G., would remain as an asset of his estate. The defendant pleaded payment of this interest to Frederick during his lifetime. The third interest of Frederick G. in the trust fund was $6,666.66. Upon the trial the defendant produced the following receipt, under date of November 1, 1877, over six years after the death of Thomas, J.:

"Brooklyn, Nov. 1, 1877.

"Received of Eliza Murphy, executrix of the last will and testament of Thomas J. Murphy, deceased, the sum of six thousand dollars, principal.
"$6,000.                                    F. G. Murphy."

Also, the following release:

"We do hereby acknowledge that we have each received from Mrs. Eliza Murphy, our mother, the just and full sum of one thousand six hundred and

sixty-six dollars and sixty-seven cents; and we do hereby release and discharge her and the estate of Thomas J. Murphy, deceased, of and from any and all claim, liability, and demand whatsoever for or on account of any money due or to become due to us. In witness whereof, we have hereunto set our hands and seals this 7th day of January, one thousand eight hundred and eighty-five.

Eliza Cunningham.   [Seal.]<br>
"Agnes A. Becker.   [Seal.]<br>
"Frederick G. Murphy.   [Seal.]

"Sealed and delivered in the presence of Edward F. Davenport."

There is no proof tending in the slightest degree to impeach the genuineness of these instruments. In addition to this, it was testified by the defendant that his mother advanced these sums to Frederick G. on account of the legacy. If this testimony be true,—and there is nothing legally sufficient to overthrow it,—then Frederick has received all of the interest to which he was entitled in his brother's estate. The fact that the defendant still retains the trust fund in his hands does not inure to the benefit of the plaintiff. It is quite true that the defendant may not profit out of the trust estate, but this does not entitle a stranger to any interest therein to profit by it. Upon the proof as it stands, the interest is clearly in the estate of the mother, and those entitled to take therefrom. To say that the recital in the receipt does not mean the estate of Thomas J., but his father, is to make the wildest conjecture. It is quite true that at the time when the payment was made there was a contingency of issue from Frederick G., which would have defeated the effect of the payment to him. Of this condition the mother evidently took the chance. As no issue was left, it is quite as strong in favor of the view that she then knew there was no likelihood of there being any, as to say that she would not do so unreasonable a thing. We think no inference can be indulged, based upon such view, sufficient to overthrow the written evidence. Nor does the plaintiff derive benefit from the judgment construing the will. The only effect of that decision was to determine that the interest of Thomas J. was vested in the remainder, and, having decided that, to direct payment over. But the interest of the plaintiff therein, or of any other person, was not determined. That was left to be established by this action, and the plaintiff has failed of showing any interest. The court below was right in directing the judgment which it did. It should therefore be affirmed.

Judgment affirmed, with costs. All concur.